# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CITIZENS TRUST BANK,** ) | |
| **PLAINTIFF,** ) | |
| **VS.** ) | **2:13-cv-1668-JHH** |
| **SAMUEL C. LETT; CONSTANCE** ) | |
| **J. LETT; and BAR "L" RANCH,** | |
| **INC.,** ) | |
| **DEFENDANTS.** ) | |

## MEMORANDUM OF DECISION

The court has before it the January 8, 2015 Motion (Doc. # 30) for Summary Judgment filed by Plaintiff Citizens Trust Bank.  Pursuant to the court's January 9, 2015, and February 17, 2015 orders (Docs. # 32 & 36), the Motion was deemed submitted, without oral argument, on February 27, 2015.  After careful consideration of the briefs and evidence before the court, the Motion (Doc. #30) for Summary Judgment is due to be granted for the following reasons.

## I. Procedural History

Plaintiff Citizens Trust Bank commenced this action on September 10, 2013 by filing a complaint in this court alleging breach of contract under Alabama law. (Doc. #1.)   Plaintiff filed the instant Motion for Summary Judgment on January 8,

2015 asserting that it is entitled to judgment as a matter of law on the claim asserted in the complaint.

Both parties have filed briefs and submitted evidence in support of their respective positions. Plaintiff submitted a brief (Doc. #30) and evidence[1] (Doc. #31) in support of its own motion for summary judgment. On February 12, 2015, Defendant filed a brief and evidence[2] (Doc. # 33) in Opposition to Plaintiff's Motion for Summary Judgment. On February 24, 2015, Defendant filed a brief (Doc. # 37) in reply to Defendant's opposition.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp.

---

[1] The Plaintiff submitted the following evidence in support of summary judgment: deposition of Samuel C. Lett; December 2, 1997 note; deposition of Constance Lee; December 2, 1997 mortgage; Constance Lett's responses to plaintiff's discovery; Samuel Lett's responses to plaintiff's discovery; June 2001 amendment to promissory note; November 1, 20016 Change in Terms Agreement; February 1, 2007 Change in Terms Agreement; May 1, 2007 Change in Terms Agreement; June 7, 2012 Change in Terms Agreement; affidavit of Daneil J. Hughlett; Complaint.

[2] The Defendant submitted the following evidence in opposition to summary judgment: affidavit of Samuel C. Lett; excerpts of deposition of Samuel Lett; excerpts of deposition of Constance Lett.

v. Catrett, 477 U.S. 317, 322 (1986); Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. See id. at 323. Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. See id. at 324.

The substantive law will identify which facts are material and which are irrelevant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. See id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue

at trial.  See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)).  If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial.  See Fitzpatrick, 2 F.3d at 1115.  Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial.  Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question.  This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require

evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case.  See Fitzpatrick, 2 F.3d at 1115-16.  If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts.  See Lewis v. Casey, 518 U.S. 343, 358 (1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

**III. Relevant Undisputed Facts**[3]

Defendant Samuel Lett is a resident of Selma, Alabama and is the sole owner and director of Bar L Ranch, Inc., an Alabama corporation operated for the purposes of a cattle ranch.  (S. Lett Dep. at 16.)  Defendant Constance Lee is the wife of Samuel Lett and did not actively participate in the operations of Bar L Ranch.  (C. Lett Dep. at 11.) In December 1997, Samuel Lett requested a loan from Plaintiff

---

[3] If the facts are in dispute, they are stated in a manner most favor to the non-movant.  See Fitzpatrick, 2 F.3d at 1115.

Citizens Trust Bank in the principal sum of $450,000 with an interest rate of ten percent (10%) per annum. (S. Lett Dep. at 20-21; Def. Exh. B.)  Samuel Lett and Constance Lett signed the Promissory Note on December 2, 1997.  (Def. Exh. B.; S. Lett Dep at 23; C. Lett Dep. at 13.)  The Note provided that the Letts would make regular monthly payment of $4,342.60, beginning January 6, 1998, with a final payment of the remaining amount due, if any, by the maturity date of December 6, 2017.  (Def. Exh. B.)  The Letts agreed to pay late fees/charges on any payment of principal not paid within fifteen (15) days of the due date (which was later amended to ten (10) days), and attorneys fees and costs incurred by Citizens Trust in any effort to collect or enforce any obligation under the note.  (Id.)

 Additionally, the Letts executed a mortgage, where property located in Dallas County, Alabama became security for the note.  (Def. Exh. D.)  The Letts agreed that if they failed to maintain insurance on the property, pay property taxes, or maintain the property free and clear of all liens, Citizens Trust could protect its interest and add all amounts paid by it to the loan.  (Id.; see also Def. Exhs. E & F.)

 In June 2001, as a result of a dispute between the parties, and in settlement of that dispute, the Letts executed an Amendment to the Promissory Note ("Amended Note"). (Def. Exh. G.)  The Amendment reduced the amount of the Note to $95,000 with interest charged on the unpaid principal in a yearly rate of eight and a half

percent (8 1/2 %).  (Id.)  Payment was due in monthly installments over a twenty year period.  (Id.)

In the years that followed, Citizens Trust repeatedly modified the Amended Note.  (See Def. Exhs. H, I, J & K.)  The parties entered into the final modification on June 7, 2012.  (See Def. Exh. K.)  The principal amount of the loan at this point was $58,652.81.  (Id.)  The final modification extended the maturity date to August 10, 2012, and provided for one regular monthly payment of $931.21 on July 10, 2012, and then one final balloon payment of all principal and interest due on August 10, 2012.  (Id.)   The final balloon payment was estimated to be at $58,813.13.  (Id.)

The Letts made a payment of $931.21 on July 10, 2012, and again paid $931.21 on August 10, 2012.  (Hughlett Aff.)  That was the last payment on the Amended Note.  (Id.)  Failure to make any payment when due constitutes an event of default under the Note.  (Def. Exh. B.)  As of January 5, 2015, the total amount unpaid due and owing on the Note was $87,837.65, consisting of the following: (1) $60,333.81 in principal; (2) $12,142 in late fee charges; and (3) $15,361 in interest.  (Hughlett Aff.)  Interest has been accruing at a per diam rate of $17.27.  (Id.)

**IV. Applicable Substantive Law and Analysis**

The only claim in this action is the one for breach of contract.  The material elements necessary to establish a cause of action for breach of contract under

Alabama law[4] are: "(1) a valid contract binding the parties; (2) the plaintiff['s] performance under the contract; (3) the defendant's non performance; and (4) resulting damages." Reynolds Metal Co. v. Hill, 825 So.2d 100, 105 –106 (Ala. 2002) (citing State Farm Fire & Cas. Co. v. Slade, 747 So.2d 293, 303 (Ala. 1999)). The undisputed evidence clearly establishes all four elements here.

Here, a valid contract binding the parties was executed by the Letts. A promissory note is considered a valid, binding contract under Alabama law. Bockman v. WCH, LLC, 943 So.2d 789, 795 (Ala. 2006). It is undisputed that Citizens Bank performed under the contract in that it loaned the money to the Letts and otherwise fully performed under the contract. It is also undisputed that the Letts failed to perform under the terms of the note - they did not satisfy the note as of the maturity date of August 10, 2012. Finally, the evidence establishes that Citizens Trust has been damaged by the breach.

In an effort to avoid the consequences of their breach, the Letts contend that Citizens Bank is not entitled to relief because Citizens Bank did not act in good faith. Specifically, the Letts argue that Citizens Bank committed fraud by failing to extend refinancing of the note, as had been previously done, and as had been orally promised

---

[4] All documents provide that they shall be governed and construed in accordance with Alabama law. (Def. Exhs. H, I, J, K.) It is undisputed that Alabama law controls.

in 1997. The court rejects Plaintiff's argument for the following reasons.[5]

First and foremost, regardless of whether Citizens Trust acted in good faith, Alabama law does not afford a remedy in contract for breach of an express of implied duty to act in good faith. See Tanner v. Church's Friend Chicken, 582 So.2d 449, 451 (Ala. 1991). In other words, bad faith is not actionable absent an identifiable breach in the performance of specific terms of the contract. "There is no contractual cause of action for breach of an implied duty of good faith that nebulously hovers over the contracting parties, free from the specific terms of the contract." Lake Martin/Alabama Power Licensee Association, Inc. v. Alabama Power Co., 601 So.2d 942, 944–945 (Ala. 1992) . Here, there is no identifiable breach in the performance of the specific terms of the Note by Citizens Bank - the Letts do not even allege one.

Additionally, the court rejects the Lett's argument[6] that there was an oral agreement whereby Citizens Trust would continue to modify the Note, indefinitely, until it was paid in full, and that the Letts relied upon that statement. (S. Lett Dep.

---

[5] The court also rejects Plaintiff's arguments that the interest rate was exorbitant or that Citizens Trust somehow had unclean hands.

[6] The Letts couch this argument in terms of fraud. However, fraud is an affirmative defense that must be pled with particularity in an Answer. Fed.R.Civ.P. 8(c) & 9(b). The Answer here does not have a fraud defense. "Failure to plead a defense generally results in a waiver of that defense." Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1239 (11th Cir. 2010); see Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988) ("[T]he general rule is that, when a party fails to raise an affirmative defense in the pleadings, that party waives its right to raise the issue at trial.").

at 34-35, 52-53.) The Letts admit that this alleged agreement was "oral" and "just an across-the-table talk, conversation." (Id. at 34-35.) Any alleged agreement to modify the Note must be in writing or it is void under the Statute of Frauds. Alabama law provides as follows:

> [E]very agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
> . . .
> (7) Every agreement or commitment to lend money, delay or forbear repayment thereof or to modify the provisions of such an agreement or commitment except for consumer loans with a principal amount financed less than $25,000.

Ala. Code § 8-9-2(7). As such, any alleged agreement by Citizens Trust that it would continue to modify the note to extend that maturity date until full repayment is void under the Statute of Frauds.

### V. Conclusion

In summary, the court finds that no material issues of fact remain and that Plaintiff Citizens Trust Bank is entitled to judgment as a matter of law as to the breach of contract claim asserted in the Complaint. Plaintiff **SHALL** file an accounting with the court regarding the amount currently owed on the loan on or before **July 31, 2015.** Defendant may file a response to that accounting on or before

**August 10, 2015**.

    **DONE** this the __14th__ day of July, 2015.

                                        */s/ James H. Hancock*
                                        SENIOR UNITED STATES DISTRICT JUDGE